It was resolved in this case, upon a motion for a nonsuit: — 1st. That the court will allow the plaintiff, in an action upon a bill of exchange, to strike out a special, as well as a general, indorsement on the bill. 2d. That a protest for non-payment must appear under a notarial seal; but it is not necessary that the non-acceptance should be certified in the protest; for, *205 that may be sufficiently established by other evidence. 3d. That the possession of a bill of exchange is evidence of an authority to demand payment of its contents, (a)

 This was an action by the payee of a bill of exchange, against the drawer. The bill was drawn upon a person in England, and there was a particular agreement between the parties, respecting the damages in case of protest. The plaintiff remitted it to his correspondents, Clifford & Tyset, in England, to collect for him on his own account; but with this indorsement, “Pay to the order of Clifford & Tyset.” The bill being protested, this action was brought; and the indorsement appearing on the bill and protest, the defendant moved for a nonsuit, insisting that the action must he brought in the name of the indorsee ; but the court sustained the action, and determined the points stated in the text. This explanation of the case was made by Judge Bradford, in Gorgerat v. McCarty, 2 Dall. 147 (also reported in 1 Teates 94), which was an action by the pajrne against the acceptor of a bill which 'had been specially indorsed, when it was held, that possession of the bill and protest, was not sufficient to entitle the plaintiff to recover, without proof of a subsequent indorsee having received the amount. To the same effect was the decision of the circuit court of the United States, in Craig v. Brown, Peters’ C. C. 171. But in Lonsdale v. Brown, 3 W. C. C. 404, in an action by the payee against the drawer of a bill, specially indorsed, it was held, that possession of the bill by the plaintiff was primé facie evidence of his right to recover. This decision was made on the authority of Clark v. The United States, 2 Wheaton 27. And see Zeigler v. Gray, 12 S. & R. 42.